**Naomi Levelle Haslitt**, OSB No. 075857
naomi.haslitt@millernash.com
**Cody J. Elliott**, OSB No. 091027
cody.elliott@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

      Attorneys for Defendant
      Oregon State University

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| REGINIA GRIDER, | Case No. 6:20-cv-01176-MC |
| Plaintiff, | DEFENDANT'S ANSWER AND DEFENSES |
| v. | |
| OREGON STATE UNIVERSITY, | |
| Defendant. | |

For its answer to the first amended complaint filed by plaintiff, Reginia Grider, on

August 10, 2020, Oregon State University (the "University"), by and through its counsel, admits,

denies, and alleges as follows:

Page 1 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

# I.

## INTRODUCTION

1.      Answering paragraph 1, the University admits that plaintiff has filed a lawsuit as generally described in paragraph 1, but denies that plaintiff's claims have merit, that plaintiff states cognizable claims, and that plaintiff is entitled to any of the relief that she seeks. The University denies that plaintiff was treated unlawfully in any way.

# II.

## JURISDICTION AND VENUE

2.      Answering paragraph 2, the University admits that this action is brought, in part, under 42 USC § 2000e-2, and that this court has federal-question jurisdiction under 28 USC § 1331 and supplemental jurisdiction over plaintiff's state-law claim under 28 USC § 1367.  The University denies that plaintiff's claims have merit, that the complaint states cognizable claims, and that plaintiff is entitled to any of the relief that she seeks.

3.      Answering paragraph 3, the University admits that venue is proper in this division.

4.      Answering paragraph 4, the University admits that plaintiff filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") on August 13, 2019, that the contents of plaintiff's BOLI complaint speak for themselves, that BOLI complaints that implicate federal law are typically automatically filed with the federal Equal Employment Opportunity Commission, that BOLI notified plaintiff on or about June 29, 2020, that her BOLI complaint was dismissed because BOLI did not find sufficient evidence to continue its investigation, and that plaintiff commenced this lawsuit within 90 days after the June 29, 2020,

Page 2 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

notice.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 4.

5.       Answering paragraph 5, the University admits that it received a letter dated July 9, 2019, from plaintiff's attorney that included a statement that plaintiff "intends to seek civil and monetary damages against Oregon State University," and that the letter purported to satisfy the requirements of the Oregon Tort Claims Act.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 5.

## III.

## PARTIES

6.       Answering paragraph 6, the University admits that plaintiff is an individual, that plaintiff was employed by the University from November 30, 2018, to June 30, 2019, under the terms of a fixed-term employment contract, and that plaintiff received all of the compensation to which she was entitled under her employment contract.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 6.

7.       Answering paragraph 7, the University admits that it is an international public research university that draws people from all 50 states and more than 100 countries, that its main office is located at 1500 S.W. Jefferson Way, Corvallis, Oregon 97331, and that it is an employer under the statutes cited in paragraph 7.  The University denies that its employees or agents engaged in wrongful conduct with respect to plaintiff.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 7.

Page 3 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

**IV.**

**FACTS**

8.    The University admits the allegations in paragraph 8.

9.    Answering paragraph 9, the University admits that plaintiff's resume reflects that plaintiff began working as a federal employee in June 1990 and that plaintiff's employment history included positions in the Executive Office of the President and the U.S. Department of State.  The University lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies them.

10.    Answering paragraph 10, the University admits that it offered plaintiff the position of Associate Vice President for Finance & Controller ("Controller") by letter dated October 23, 2018 (the "Notice of Appointment"), that the Notice of Appointment, when accepted, served as a notice of appointment to that position for the period beginning November 30, 2018, and ending June 30, 2019, and that the Notice of Appointment was signed by Michael Green, the University's Vice President for Finance & Administration and Chief Financial Officer.  The University further states that the Notice of Appointment provided that plaintiff's "appointment is subject to all [University] policies and standards, which are incorporated by this reference."  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 10.

11.    Answering paragraph 11, the University lacks knowledge or information sufficient to form a belief as to what is meant by the term "finance executive" and therefore denies that allegation.  The University admits that it is unaware of any Black individuals (other than plaintiff) who have held the position of Controller or served on the senior leadership team of

Page 4 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

the Department of Finance and Administration ("DFA") since July 1, 2014, when the University became a separate legal entity from the Oregon University System and established its own Board of Trustees in accordance with Oregon Senate Bill 270 (codified in ORS Chapter 352). To the extent not expressly admitted, the University denies the allegations in paragraph 11.

12.    Answering paragraph 12, the University admits that plaintiff worked in the Washington D.C. area and had a Maryland mailing address at the time the University sent the Notice of Appointment, that after her appointment, plaintiff performed work as the University's Controller in Corvallis, Oregon, and that the University reimbursed plaintiff for relocation expenses. To the extent not expressly admitted, the University denies the allegations in paragraph 12.

13.    The University denies the allegations in paragraph 13.

14.    Answering paragraph 14, the University admits that the full-time 12-month annual salary rate for the Controller position specified in the Notice of Appointment was $201,000.

15.    Answering paragraph 15, the University admits that as plaintiff's direct supervisor, Mr. Green was responsible for assessing plaintiff's job performance and recommending renewal or nonrenewal of plaintiff's annual contract. To the extent not expressly admitted, the University denies the remaining allegations in paragraph 15.

16.    Answering paragraph 16, the University admits that plaintiff began working as the Controller on November 30, 2018, and that the University provided plaintiff with significant onboarding, including a number of opportunities to meet University leadership and

Page 5 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

staff.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 16.

17.    Answering paragraph 17, the University admits that on her first day of employment, plaintiff made a comment at a DFA Leadership meeting about using sick leave time from her prior employer for her interview trip to Corvallis (the "Sick Leave Statement"). To the extent not expressly admitted, the University denies the remaining allegations in paragraph 17.

18.    Answering paragraph 18, the University admits that several days after the November 30, 2018, meeting, Mr. Green asked plaintiff about the Sick Leave Statement, that plaintiff indicated that the Sick Leave Statement had been misunderstood, that Mr. Green asked plaintiff to clarify the Sick Leave Statement at the next DFA Leadership meeting, and that plaintiff never did so.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 18.

19.    Answering paragraph 19, the University admits that when Mr. Green asked plaintiff about the Sick Leave Statement, plaintiff attempted to downplay and defend the Sick Leave Statement, that Mr. Green asked plaintiff to clarify the Sick Leave Statement at the next DFA Leadership meeting, and that plaintiff never did so.  To the extent not expressly admitted, the University denies the allegations in paragraph 19.

20.    Answering paragraph 20, the University admits that on December 12, 2018, plaintiff and Heather Riney, then the Human Resources Partner for DFA, attended a Business Operations team meeting that included a discussion of the University's procedures for travel permission and reimbursements, and that just before plaintiff left the meeting, she said

Page 6 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

something along the lines of "as a hint, if you take a draw on the travel card and pay for your meals with cash, you don't have to turn in your receipts" (the "Travel Card Statement").  The University further admits that Mr. Green was not in attendance at that meeting.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 20.

21.     Answering paragraph 21, the University admits that Mr. Green did not discuss the Travel Card Statement with plaintiff.  To the extent not expressly admitted, the University denies the allegations in paragraph 21.

22.     Answering paragraph 22, the University admits that on December 15, 2018, plaintiff sent an e-mail from her private, non-University e-mail account to Mr. Green requesting approval to terminate Rhonda Thomassen's contract on December 31, 2018.  The University lacks knowledge or information sufficient to form a belief as to whether plaintiff sent the e-mail to "no one else" and therefore denies that allegation.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 22.

23.     Answering paragraph 23, the University admits that plaintiff's stated reasons for wanting to terminate Ms. Thomassen's contract in her December 15, 2018, e-mail to Mr. Green included the language quoted in subsections (a) through (j) of paragraph 23.  The University lacks knowledge or information sufficient to form a belief as to whether plaintiff had other reasons for wanting to terminate Ms. Thomassen and as to whether plaintiff's stated assessment of Ms. Thomassen's performance was accurate.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 23.

24.     Answering paragraph 24, the University admits that in her December 15, 2018, e-mail to Mr. Green, plaintiff stated that "Rhonda is making excuses and blaming others

Page 7 -     Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

for her performance and behavioral shortfalls," and "Rhonda has expressed being overwhelmed in performing the task of managing my calendar." The University lacks knowledge or information sufficient to form a belief as to whether plaintiff's stated assessment of Ms. Thomassen's performance was accurate. To the extent not expressly admitted, the University denies the remaining allegations in paragraph 24.

25.     Answering paragraph 25, the University admits that plaintiff's December 15, 2018, e-mail to Mr. Green included the language quoted in subsections (a) through (d) of paragraph 25. The University lacks knowledge or information sufficient to form a belief as to whether plaintiff's stated assessment of Ms. Thomassen's performance was accurate.

26.     Answering paragraph 26, the University admits that plaintiff's December 15, 2018, e-mail to Mr. Green included the quoted language. The University lacks knowledge or information sufficient to form a belief as to whether plaintiff's stated assessment of Ms. Thomassen's performance was accurate.

27.     Answering paragraph 27, the University admits that plaintiff's December 15, 2018, e-mail to Mr. Green included the quoted language. The University lacks knowledge or information sufficient to form a belief as to whether plaintiff's stated assessment of Ms. Thomassen's performance was accurate.

28.     Answering paragraph 28, the University admits that in his response to plaintiff's December 15, 2018, e-mail, Mr. Green stated that "It is hard to see how Rhonda has a chance to succeed in an environment where you have already decided she is not intelligent enough or capable of supporting you, and I find this attitude disrespectful to a team member and inconsistent with OSU's culture." The University further states that Mr. Green's response

Page 8 -     Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

described the University's policies and procedures for nonrenewing employment contracts for

performance-related reasons (and the difference between contract nonrenewals and terminations

for cause), encouraged plaintiff to work with Ms. Riney to address any concerns she had with

Ms. Thomassen's performance and provide Ms. Thomassen with a meaningful opportunity to

improve, and reminded plaintiff that "creating a safe and supportive environment for employees

to experience a leadership transition is a key element of building trust and demonstrating

respect." The University denies that Mr. Green "focused on Plaintiff's claim that Ms. Thomassen

lacked the 'intelligence' for the position." To the extent not expressly admitted, the University

denies the remaining allegations in paragraph 28.

29.     Answering paragraph 29, the University admits that in a January 8, 2019,

memorandum to Viki Dimick-Jackson, the University's former Employee and Labor Relations

Manager (the "Memorandum"), Mr. Green referenced plaintiff's December 15, 2018, e-mail

requesting the termination of Ms. Thomassen's employment—which contained, among other

things, plaintiff's conclusions about Ms. Thomassen's intelligence and capabilities—and stated:

> It is unacceptable and unprofessional to make these conclusions within such a
> short timeframe. It shows lack of professional judgement and empathy and
> violates a number of the tenets within the *respect* section of our Code and does
> not meet the *communication* and *collegiality* standards in the Criteria.

The University denies the implication that Mr. Green made the statement to plaintiff or in direct

response to plaintiff's December 15, 2018, e-mail. To the extent not expressly admitted, the

University denies the remaining allegations in paragraph 29.

30.     Answering paragraph 30, the University admits that in the Memorandum,

Mr. Green stated: "It is highly offensive that someone can make such a declaratory

determination of another person's intelligence with so little evidence and without requisite

Page 9 -     Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

professional experience to do so." The University denies the implication that Mr. Green made the statement to plaintiff or in direct response to plaintiff's December 15, 2018, e-mail. To the extent not expressly admitted, the University denies the remaining allegations in paragraph 30.

31.    Answering paragraph 31, the University admits that on December 21, 2018, plaintiff e-mailed William Sexton, the University's Senior Employee and Labor Relations Officer, and Shane Turner, the University's former Human Resource Manager, to (according to plaintiff) "provide documentation to support [plaintiff's] request to terminate Rhonda Thomassen for cause." The University further states that plaintiff sent the e-mail without informing Mr. Green that she planned to do so, that plaintiff did not inform Messrs. Sexton and Turner that Mr. Green had informed her that neither termination for cause nor nonrenewal was appropriate at that point, that in e-mailing Messrs. Sexton and Turner, plaintiff disregarded Mr. Green's express direction that plaintiff first provide Ms. Thomassen with (1) clear direction on the specific tasks that she was not adequately performing and (2) a meaningful opportunity to improve her performance before he would consider supporting Ms. Thomassen's dismissal, and that plaintiff's decision to circumvent her direct supervisor constituted insubordination. To the extent not expressly admitted, the University denies the remaining allegations in paragraph 31.

32.    Answering paragraph 32, the University admits that plaintiff's December 21, 2018, e-mail to Messrs. Sexton and Turner included a PDF document containing 35 e-mail strings, and that plaintiff described the PDF as "documentation to support [her] request to terminate Rhonda Thomassen for cause." The University further states that the content of the PDF document did not meet the University's requirement for nonrenewal or for-cause

Page 10 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

termination.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 32.

33.     The University denies the allegations in paragraph 33.

34.     The University denies the allegations in paragraph 34.

35.     Answering paragraph 35, the University admits that in the first paragraph of the Memorandum, Mr. Green requested approval from Ms. Dimick-Jackson to assign plaintiff "to work from home for the remainder of her contract or until any alternative agreement can be reached and that all authority of [plaintiff] in the position of Associate Vice President for Finance and Controller be revoked."  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 35.

36.     Answering paragraph 36, the University admits that in the Memorandum, Mr. Green stated that the request described in paragraph 35 above was "based on [plaintiff]'s actions and behaviors that do not align with the Oregon State Code of Ethics or the Performance Criteria for Professional Faculty," and that Mr. Green described in detail his concerns about plaintiff's performance.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 36.

37.     Answering paragraph 37, the University admits that in the Memorandum, Mr. Green stated:

> [Plaintiff's] email to Shane Turner on December 21 (attached) submitting evidence to substantiate a termination of Ms. Thomassen for cause, further challenging my decision and directives by continuing on a path to support a termination, even after I had told her that I did not support such an action, bordered on insubordination.

Page 11 -   Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

The University further states that the Memorandum had nothing to do with Mr. Green's alleged "supremacy" and everything to do with plaintiff's engaging in unprofessional conduct that was inconsistent with the University's Code of Ethics and the Performance Criteria for professional faculty, especially as they apply to leaders at plaintiff's level.  To the extent not expressly admitted, the University denies the allegations in paragraph 37.

38.    Answering paragraph 38, the University admits that Mr. Green did not agree with plaintiff's conclusion that Ms. Thomassen's alleged performance deficiencies met the University's criteria for contract nonrenewal or for-cause-termination, and did not believe that nonrenewing Ms. Thomassen's employment contract (or terminating her for cause) without first providing her with "clear direction on the specific tasks she is not adequately performing" and "a meaningful opportunity to improve" was appropriate, was consistent with the University's policies and procedures, or furthered the University's goal of "creating a safe and supportive environment for employees to experience a leadership transition."  The University further states that it took plaintiff's concerns about Ms. Thomassen's performance seriously and provided plaintiff with repeated direction about how to address her concerns with Ms. Thomassen's skills in a manner consistent with the University's policies and procedures.  To the extent not expressly admitted, the University denies the allegations in paragraph 38.

39.    Answering paragraph 39, the University admits that in the Memorandum, Mr. Green stated that plaintiff's e-mail communications regarding Ms. Thomassen—specifically, "[plaintiff]'s e-mail to [Mr. Green] on December 15, 2018, her subsequent response to [Mr. Green's] response * * *, and her email to Ms. Riney on December 21"—demonstrated plaintiff's failure to adhere to the "Accountability and Responsibility" provisions of the

Page 12 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

University's Code of Ethics ("We take responsibility for our choices and actions by showing accountability and not assigning or shifting blame or taking improper credit."). The University further admits that in the Memorandum, Mr. Green stated that a portion of plaintiff's December 15, 2018, e-mail "demonstrates a lack of willingness to accept responsibility for developing a working relationship with a coworker and shifts all of the blame for the challenges that [plaintiff] is having to Ms. Thomassen. Ms. Thomassen's comfort level with working with [plaintiff] rests largely with [plaintiff]." The University denies that the portion of the Memorandum paraphrased in paragraph 39 related to plaintiff's concerns—rather, they related to plaintiff's assigning or shifting blame to Ms. Thomassen for any issues rather than taking responsibility and accountability for improving their working relationship. To the extent not expressly admitted, the University denies the remaining allegations in paragraph 39.

40.     The University denies the allegations in paragraph 40.

41.     The University denies the allegations in paragraph 41.

42.     The University denies the allegations in paragraph 42.

43.     Answering paragraph 43, the University admits that before plaintiff began working as the Controller, the University notified her that one component of its coordinated process for onboarding new executive leaders would be to connect plaintiff with "someone who can serve as a resource and trusted advisor," that the University connected plaintiff with Charlene Alexander, the University's Vice President and Chief Diversity Officer, and that plaintiff and Ms. Alexander met for two coaching/advisor sessions in December 2018. The University further states that Mr. Green, Ms. Riney, and others at the University provided plaintiff with guidance and resources for how to address her concerns about Ms. Thomassen's

Page 13 -   Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

performance and that plaintiff did not follow their guidance or utilize their resources. To the extent not expressly admitted, the University denies the remaining allegations in paragraph 43.

44.     Answering paragraph 44, the University states that Ms. Riney and others provided plaintiff with numerous options and strategies for addressing plaintiff's concerns with Ms. Thomassen's performance, including suggesting (a) that plaintiff set clear performance expectations for Ms. Thomassen, (b) providing Ms. Thomassen with additional training and mentoring, (c) and creating a performance improvement plan for Ms. Thomassen. The University further states that although plaintiff initially appeared to consider options for coaching Ms. Thomassen, by December 14, 2018, plaintiff indicated that she was not interested in discussing any options to try to improve Ms. Thomassen's performance. The University lacks knowledge or information sufficient to form a belief as to whether plaintiff, as Ms. Thomassen's direct supervisor, implemented any of Ms. Riney's suggestions, made efforts to coach or advise Ms. Thomassen about her performance, or provided Ms. Thomassen with a meaningful opportunity to improve her performance. To the extent not expressly admitted, the University denies the remaining allegations in paragraph 44.

45.     The University denies the allegations in paragraph 45.

46.     Answering paragraph 46, the University admits that the Memorandum references plaintiff's comment that "she used sick leave earned at her previous job to move to Corvallis" and plaintiff's comment about travel reimbursements (that "as a hint, if you take a draw on the travel card and pay for your meals with cash, you don't have to turn in your receipt."). The University lacks knowledge or information sufficient to form a belief as to whether plaintiff's statement about having used sick leave to move to Corvallis "was a joke," and

Page 14 -   Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

therefore denies that allegation.  The University denies that comments from the University's controller about circumventing controls for travel reimbursements "should not have been an issue."  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 46.

47.    The University admits that the Memorandum contains the language quoted in paragraph 47.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 47.

48.    The University denies the allegations in paragraph 48.

49.    The University denies the allegations in paragraph 49.

50.    The University denies the allegations in paragraph 50.

### FIRST CLAIM FOR RELIEF
### 42 USC § 2000e-2(a)
### TITLE VII
### Unlawful Employment Discrimination
### Based on the Intersectionality of Race and Sex

51.    Answering paragraph 51, the University incorporates its responses to paragraphs 1 through 50.

52.    The University admits that paragraph 52 comprises a paraphrase of 42 USC § 2000e-2(a).  The University denies that it engaged in any unlawful employment practice with respect to plaintiff.

53.    Answering paragraph 53, the University admits that plaintiff began working as the Controller on November 30, 2018, under the terms of a fixed-term contract that ran through June 30, 2019, that the University did not renew plaintiff's contract, and that plaintiff received all of the compensation to which she was entitled under her employment contract.  To

Page 15 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

the extent not expressly admitted, the University denies the remaining allegations in paragraph 53.

54.    Answering paragraph 54, the University states that whether or not plaintiff's concerns about Ms. Thomassen's performance were founded, plaintiff's insistence on terminating Ms. Thomassen's employment without giving her an opportunity to address plaintiff's concerns, and plaintiff's decision to disregard the guidance and resources provided by Mr. Green, Ms. Riney, and others were not reasonable and demonstrated poor judgment and an unwillingness to follow University policies.  To the extent not expressly admitted, the University denies the allegations in paragraph 54.

55.    The University denies the allegations in paragraph 55.

56.    Answering paragraph 56, the University admits that on or about April 15, 2019, Heidi Sann began working as the University's Controller, that Ms. Sann identifies as a white woman, and that Ms. Saan has extensive leadership experience in finance and accounting roles in both the public and private sector, as well as with public universities.  The University denies that Ms. Saan is not qualified for the Controller position and denies that Ms. Saan was "less qualified" for the Controller position than plaintiff.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 56.

57.    Answering paragraph 57, the University lacks knowledge or information sufficient to form a belief as to the length of employment of "the average [University] employee," and therefore denies that allegation.  The University denies the allegation that all University employees or leaders are white.  To the extent not expressly admitted, the University denies the remaining allegations in paragraph 57.

Page 16 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

58.     The University denies the allegations in paragraph 58.

59.     The University denies the allegations in paragraph 59.

60.     Answering paragraph 60, the University admits that during her employment at the University, Ms. Thomassen received performance evaluations that include suggestions for future development, and that Ms. Thomassen has never been disciplined or reassigned as a result of any alleged performance deficiencies.  The University lacks knowledge or information sufficient to form a belief as to whether plaintiff, as Ms. Thomassen's direct supervisor, ever coached or otherwise apprised Ms. Thomassen of any alleged deficiencies in her performance.

61.     The University denies the allegations in paragraph 61.

62.     The University denies the allegations in paragraph 62.

63.     The University denies the allegations in paragraph 63.

64.     The University denies the allegations in paragraph 64 and denies that plaintiff is entitled to any equitable relief or damages.

## SECOND CLAIM FOR RELIEF
### Defamation *per se*

65.     Answering paragraph 65, the University incorporates its responses to paragraphs 1 through 64.

66.     The allegations in paragraph 66 are not directed at the University, so no response is required.  The University denies that it made any defamatory statements concerning plaintiff.

Page 17 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

67.     The allegations in paragraph 67 are not directed at the University, so no response is required.  The University denies that it made any defamatory statements concerning plaintiff.

68.     The University denies the allegations in paragraph 68.

69.     The University denies the allegations in paragraph 69.

70.     The University denies the allegations in paragraph 70.

71.     The University denies the allegations in paragraph 71.

72.     The University denies the allegations in paragraph 72.

73.     The University denies the allegations in paragraph 73.

74.     To the extent not expressly admitted, the University denies each and every allegation in plaintiff's first amended complaint.

75.     The University denies that plaintiff is entitled to the relief requested in her prayer for relief.

## DEFENSES

76.     The University incorporates by reference paragraphs 1 through 75 of this answer to the below defenses.  Without waiving any denials or defenses, without assuming the burden of proof on any issue, and reserving the right to amend or delete defenses as information becomes available through investigation and discovery, the University raises the following defenses:

Page 18 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## FIRST DEFENSE

### (Failure to State Claims)

77.     Plaintiff fails to state claims against the University upon which relief can be granted.

## SECOND DEFENSE

### (Legitimate, Nondiscriminatory, Legal Reason)

78.     Without waiving any defenses or denials, the University's actions were based on legitimate, nondiscriminatory, and legal reasons.  Among other things, plaintiff repeatedly demonstrated poor professional judgment in her time as the University's Controller. The University gave plaintiff specific guidance, support, and opportunities to improve, and made the difficult decision to nonrenew plaintiff's contract only after plaintiff demonstrated no willingness to engage in self-reflection, listen, or improve, and instead insisted that she was correct and that others were at fault.  The Controller position is a high-profile leadership position at the University, and the University could not risk having someone in that position who refused to consider University policies and procedures or the advice and counsel of her colleagues.

## THIRD DEFENSE

### (Same-Actor Inference)

79.     Without waiving any defenses or denials, the same individual— Mr. Green—made the decisions to hire plaintiff and to not renew her contract, so there is a strong inference that plaintiff's nonrenewal was not discriminatory that may be defeated only by an extraordinarily strong showing of discriminatory intent.

Page 19 -   Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## FOURTH DEFENSE

### (Truth)

80.    Without waiving any defenses or denials, any statements made by the University were not defamatory because they were true.

## FIFTH DEFENSE

### (Absolute Privilege)

81.    Without waiving any defenses or denials, as a public employee and plaintiff's direct supervisor, any statements made by Mr. Green about plaintiff's job performance are absolutely privileged.

## SIXTH DEFENSE

### (Qualified Privilege)

82.    Without waiving any defenses or denials, as plaintiff's direct supervisor, Mr. Green had a qualified privilege to make statements about plaintiff's job performance to Ms. Dimick-Jackson.

## SEVENTH DEFENSE

### (Good Faith)

83.    Without waiving any defenses or denials, Mr. Green had a reasonable, good-faith belief that any statements made about plaintiff's job performance were true.

## EIGHTH DEFENSE

### (Failure to Mitigate Damages)

84.    To the extent that plaintiff incurred any damages, which the University denies, plaintiff failed to mitigate her damages.

Page 20 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

**NINTH DEFENSE**

**(Statute of Limitations)**

85.     Without waiving any defenses or denials, plaintiff's defamation claim is barred by the applicable statute of limitations.

**TENTH DEFENSE**

**(No Objectively Reasonable Basis)**

86.     Without waiving any defenses or denials, plaintiff has no objectively reasonable basis for asserting her defamation and discrimination claims, and the University is entitled to an award of its reasonable attorney fees under ORS 20.105, ORS 20.107, and/or 42 USC §2000e-5(k).

**ELEVENTH DEFENSE**

**(No Evidence of Discrimination on Basis of Race or Sex)**

87.     Without waiving any defenses or denials, plaintiff has alleged no facts to support her claim for discrimination based on race or sex.

WHEREFORE, the University requests judgment as follows:

1.     For dismissal of plaintiff's complaint with prejudice;

2.     For an award of its costs, disbursements, and reasonable attorney fees and expert witness fees and expenses incurred in defending this action under ORS 20.105, ORS 20.107, and/or 42 USC §2000e-5(k); and

/ / /

/ / /

/ / /

Page 21 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

3.    For such other and further relief as the court may deem equitable and just.

DATED this 9th day of October, 2020.

MILLER NASH GRAHAM & DUNN LLP


s/Cody J. Elliott
Naomi Levelle Haslitt, OSB No. 075857
naomi.haslitt@millernash.com
Cody J. Elliott, OSB No. 091027
cody.elliott@millernash.com
Phone:  503.224.5858
Fax:  503.224.0155

*Attorneys for Defendant Oregon State University*

4818-6283-9492.1

Page 22 -    Defendant's Answer and Defenses

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204